UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                       Plaintiff,<br><br>          v.<br><br>CLS GLOBAL FZC LLC and ANDREY ZHORZHES,<br><br>                       Defendants. | Civil Action No. 24-CV-12590 (AK) |

**CONSENT OF DEFENDANT CLS GLOBAL FCZ LLC**

1. Defendant CLS Global FCZ LLC ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. CLS Global FZC LLC et al.*, Crim. No. 24-10293 (AK) (D. Mass. 2024), Defendant pleaded guilty to a violation of Title 18, United States Code, Section 371 charging conspiracy to commit market manipulation and wire fraud, and to a violation of Title 18, United States Code, Section 1343 charging wire fraud. In connection with that plea, Defendant admitted the facts set forth in a written statement that is an exhibit to Defendant's plea agreement. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. CLS Global FZC LLC et al.*

3. Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

a. permanently restrains and enjoins Defendant from violation of Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1) and (3)] by directly or indirectly creating a false appearance or otherwise deceiving any person about the price or trading market for any security;

b. permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)] by directly or indirectly creating a false appearance or otherwise deceiving any person about the price or trading market for any security;

c. permanently restrains and enjoins Defendant from violation of Section 9(a)(2) of the Exchange Act [15 U.S.C. § 77i(a)(2)];

d. orders Defendant to pay disgorgement in the amount of $3,000, plus prejudgment interest thereon in the amount of $80.39, offset by any amount ordered and paid to the United States in *United States v. CLS Global FZC LLC et al.*;

e. orders Defendant to pay a civil penalty in the amount of $425,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], offset by any amount ordered and paid to the United States in *United States v. CLS Global FZC LLC et al.*;

f. orders that Defendant be restrained and enjoined from participating, directly or indirectly, in any issuance, purchase, offer, or sale of any security on any crypto asset trading platform that Defendant knows, or with reasonable

diligence should know, is available to investors located in the United States, regardless of whether such trading platform employs a centralized limit order book or an alternative method of matching buyers and sellers of crypto assets; and

g. requires certain undertakings described herein.

4. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant agrees to undertake the following:

a. Within 30 days of entry of the Final Judgment, Defendant shall take such reasonable steps as necessary to ensure that each current client of Defendant: (i) is not a natural person resident in the United States; (ii) is not a partnership, corporation, or other legal person operating in, incorporated, or otherwise organized under the laws of the United States; (iii) is not owned or controlled by any natural person resident in the United States; and (iv) is not owned or controlled by any partnership,

    corporation, or other legal person operating in, incorporated, or otherwise organized under the laws of the United States;

b. Should Defendant become aware at any time that a client does not meet one or more of the criteria identified in Paragraph 5.a, Defendant shall cease providing all services to such client as soon as practicable but in any event within 30 days;

c. Within 30 days of entry of the Final Judgment, Defendant shall implement policies and procedures reasonably designed to ensure that each new client meets the criteria identified in Paragraph 5.a. Such policies and procedures shall include, at minimum, obtaining written attestations from each new client that it meets the criteria identified in Paragraph 5.a;

d. Within 30 days of entry of the Final Judgment, Defendant shall implement policies and procedures reasonably designed to ensure that Defendant is in compliance with the injunction set forth in Paragraph 3.f;

e. Within 45 days of entry of the Final Judgment, an officer or director of CLS Global FZC LLC shall certify, in writing, compliance with the injunction set forth in Paragraph 3.f and completion of the undertakings set forth in Paragraphs 5.a through 5.d. As to the undertakings identified in Paragraphs 5.a through 5.d, the certification shall provide written evidence of compliance in the form of a narrative, supported by: (i) copies of applicable policies and procedures; (ii) evidence that employees have reviewed and agreed to abide by such policies and procedures; and (iii) evidence that employees are aware of and have agreed to abide by the

terms of the Final Judgment. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence;

f.  For a period of three years from entry of the Final Judgment, an officer or director of CLS Global FZC LLC shall certify on an annual basis Defendant's continued compliance with the injunction set forth in Paragraph 3.f and the undertakings set forth in Paragraphs 5.a through 5.d. In the event that CLS Global FZC LLC has not complied with either the injunction set forth in Paragraph 3.f or the undertakings set forth in Paragraphs 5.a through 5.d, an officer or director of CLS Global FZC LLC shall notify the Commission in writing within 15 days of the date on which CLS Global FZC LLC learned of the instance of non-compliance;

g.  Defendant shall submit all certifications, notices, and supporting materials to Michael Brennan, Associate Director, Division of Enforcement, Securities and Exchange Commission, 100 F Street NE, Washington, DC 20549, with a copy to the Office of Chief Counsel of the Enforcement Division; and

h.  For good cause shown, and solely at the discretion of the Commission staff, the Commission staff may extend any of the procedural dates relating to the undertakings. Deadlines for procedural dates shall be counted in calendar days, except that if the last day falls on a weekend or federal holiday, the next business day shall be considered to be the last day.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the

Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

22.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

23. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 09.01.2025   CLS Global FCZ LLC, LLC

By: _____ (filipp Veselov)
Filipp Veselov
CEO/Manager
BLB-S5-492 - Ajman Boulevard Commercial, Ajman, UAE

On this 4th day of January, 2025, Mr Filipp Veselov, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of CLS Global FCZ LLC as its CEO/Manager.

Kirill Grigorev
General Manager
Asseal Legal Consultancy FZ-LLC
Legal Consultancy License 47006505
License until 16 May 2025

ASSEAL LEGAL CONSULTANCY FZ-LLC
LICENSE NO: 47006505
UNITED ARAB EMIRATES

Approved as to form:

Emil Bove
Emil Bove, Esq.
Todd Blanche, Esq.
Lex Urban, Esq.
Blanche Law PLLC
99 Wall Street, Suite 4460
New York, NY 10005