UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

CLS GLOBAL FZC LLC and
ANDREY ZHORZHES,

                Defendants.

Civil Action No. 24-CV-12590 (AK)

**FINAL JUDGMENT AS TO DEFENDANT CLS GLOBAL FZC LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant CLS Global FZC LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in United States interstate commerce or by use of the United States mails, directly or indirectly:

    (i)    to employ any device, scheme, or artifice to defraud; or

    (ii)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by directly or indirectly creating a false appearance or otherwise deceiving any person about the price or trading market for any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of United States interstate commerce, or of the United States mails, or of any facility of any United States national securities exchange, in connection with the purchase or sale of any security:

(i) to employ any device, scheme, or artifice to defraud; or

(ii) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by directly or indirectly creating a false appearance or otherwise deceiving any person about the price or trading market for any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)] by directly or indirectly, using the mails or any means or instrumentality of United States interstate commerce, or of any facility of any United States national securities exchange, or for any member of such a national securities exchange:

(i) To effect, alone or with one or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from participating, directly or indirectly, in any issuance, purchase, offer, or sale of any security on any crypto asset trading platform that Defendant

knows, or with reasonable diligence should know, is available to investors located in the United States, regardless of whether such trading platform employs a centralized limit order book or an alternative method of matching buyers and sellers of crypto assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant CLS Global FZC LLC is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including the following:

(1) Within 30 days of entry of this Final Judgment, Defendant shall take such reasonable steps as necessary to ensure that each current client of Defendant: (i) is not a natural person resident in the United States; (ii) is not a partnership, corporation, or other legal person operating in, incorporated, or otherwise organized under the laws of the United States; (iii) is not owned or controlled by any natural person resident in the United States; and (iv) is not owned or controlled by any partnership, corporation, or other legal person operating in, incorporated, or otherwise organized under the laws of the United States.

(2) Should Defendant become aware at any time that a client does not meet one or more of the criteria identified in Paragraph V.1, Defendant shall cease providing all services to such client as soon as practicable but in any event within 30 days.

(3) Within 30 days of entry of this Final Judgment, Defendant shall implement policies and procedures reasonably designed to ensure that each new client meets the criteria identified in Paragraph V.1.  Such policies and procedures shall include, at minimum, obtaining written attestations from each new client that it meets the criteria identified in Paragraph V.1.

(4) Within 30 days of entry of this Final Judgment, Defendant shall implement policies and procedures reasonably designed to ensure that Defendant is in compliance with the injunction set forth in Paragraph IV.

(5) Within 45 days of entry of this Final Judgment, an officer or director of CLS Global FZC LLC shall certify, in writing, compliance with the injunction set forth in Paragraph IV and completion of the undertakings set forth in Paragraphs V.1 through V.4.  As to the undertakings identified in Paragraphs V.1 through V.4, the certification shall provide written evidence of compliance in the form of a narrative, supported by:  (i) copies of applicable policies and procedures; (ii) evidence that employees have reviewed and agreed to abide by such policies and procedures; and (iii) evidence that employees are aware of and have agreed to abide by the terms of this Final Judgment.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence.

(6) For a period of three years from entry of this Final Judgment, an officer or director of CLS Global FZC LLC shall certify on an annual basis Defendant's continued compliance with the injunction set forth in Paragraph IV and the undertakings set forth in Paragraphs V.1 through V.4.  In the event that CLS Global FZC LLC has not complied with either the injunction set forth in Paragraph IV or the undertakings set forth in Paragraphs V.1 through V.4, an officer or director of CLS Global FZC LLC shall notify the Commission in writing within 15 days of the date on which CLS Global FZC LLC learned of the instance of non-compliance.

(7) Defendant shall submit all certifications, notices, and supporting materials to Michael Brennan, Associate Director, Division of Enforcement, Securities and Exchange Commission, 100 F Street NE, Washington, DC 20549, with a copy to the Office of Chief Counsel of the Enforcement Division.

(8) For good cause shown, and solely at the discretion of the Commission staff, the Commission staff may extend any of the procedural dates relating to the undertakings.  Deadlines for procedural dates shall be counted in calendar days, except that if the last day falls on a weekend or federal holiday, the next business day shall be considered to be the last day.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,000 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $80.39.  The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles.  The Court further imposes a civil penalty in the amount of

6

$425,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy these obligations by paying to the Securities and Exchange Commission within 30 days after entry of this Final Judgment, $428,080.39, offset by any amount ordered and paid to the United States in *United States v. CLS Global FZC LLC et al.*, 24-cr-10293 (AK) (D. Mass. 2024).

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; CLS Global FZC LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to,

moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

VII.

It Is Further Ordered, Adjudged, And Decreed that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 7, 2025

/s/ Angel Kelley
UNITED STATES DISTRICT JUDGE